UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KARENA APPLE FENG,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HUMAN SERVICES, FAMILY & CHILDREN'S SERVICES,<br><br>    Defendant. | Case No. 20-cv-00648-LB<br><br>**ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS CASE FOR LACK OF SUBJECT-MATTER JURISDICTION** |
| KARENA APPLE FENG,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, CHILDREN AND FAMILY SERVICES DIVISION, et al.<br><br>    Defendants. | Case No. 20-cv-00692-LB |

**INTRODUCTION**

Plaintiff Karena Apple Feng, who is representing herself, has filed two petitions to confirm arbitration awards, both fake: (1) the first is an arbitration award of $4.24 million that she allegedly obtained against defendant Department of Human Services, Family and Children's Services and its director Trent Rhorer (collectively, "DHS"); and (2) the second is an arbitration award, also $4.24 million, that she allegedly obtained against the California Department of Social

ORDER; REPORT AND RECOMMENDATION – Nos. 20-cv-00648-LB & 20-cv-00692-LB

Services Children and Family Services Division and its director Gregory Rose (collectively, "DSS").[1] The two petitions — in addition to three other lawsuits that Ms. Feng has filed[2] — challenge the removal of Ms. Feng's children from her custody after a medical provider committed her to a psychiatric ward under California Welfare and Institutions § 5150 (for a period of time that at most was two days).[3] The undersigned dismissed claims in the related lawsuits on grounds that include Ms. Feng's failure to plead a Fourteenth Amendment claim for the deprivation of her procedural and substantive due-process rights.[4]

The court granted Ms. Feng's application to proceed *in forma pauperis*.[5] Before directing the United States Marshal to serve the defendant, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). There are no enforceable arbitration awards, and thus the case is frivolous. Also, the parties are not diverse, and thus, there is no federal jurisdiction.

Because Ms. Feng has declined magistrate jurisdiction, the undersigned orders the clerk of court to reassign this case to a district judge and recommends the dismissal of her petitions.[6]

**STATEMENT**

Ms. Feng claims that she and the defendants have enforceable arbitration awards in contracts with arbitration agreements: (1) a contract with DHS with an arbitration clause allegedly resulting

---

[1] Pet., No. 20-cv-00648-LB – ECF No. 1; Mot., *id*. – ECF No. 1-1 at 3; Pet., No. 20-cv-00692-LB. – ECF No. 1; Mot., *id.* – ECF No. 1 at 57. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. In the first case, Ms. Feng does not list Mr. Rhorer as a defendant in the caption of her petition but lists him under "Parties and Jurisdiction." Pet, No. 20-cv-00648-LB – ECF No. 1 at 1–2.

[2] *Feng v. County of Santa Clara*, No. 3:19-cv-06877-LB (N.D. Cal., filed Oct. 22, 2019); *Feng v. Yim*, 3:19-cv-07227-LB (N.D. Cal., filed Oct. 31, 2019); *Feng v. County of San Francisco*, No. 4:19-cv-07228-YGR (N.D. Cal., filed Nov. 1, 2019).

[3] Order, No. 19-cv-06877-LB – ECF No. 80 at 3.

[4] *See id.* at 9–10; *see also, e.g.,* Order, 3:19-cv-07227-LB – ECF No. 24 at 4–7; Order, No. 19-cv-07228-YGR – ECF No. 15 (adopting report and recommendation).

[5] Order – ECF No. 11.

[6] Declination, No. 20-cv-00648-LB – ECF No. 12; Declination, No. 20-cv-00692-LB – ECF No. 8.

in an arbitration award of $4.24 million;[7] and (2) a contract with the DSS with an arbitration clause allegedly resulting in an arbitration award of $4.24 million.[8] Both arbitration agreements are obviously fake. Both related to Ms. Feng's juvenile-dependency matters.[9] Both provide for the return of custody to her.[10] Both contain Ms. Feng's affidavit about her claims that the state agencies had no right to take her children.[11] Both have similar provisions about paying her money ($5,000 per day) until the defendants return custody to her, and both have only her signature (and not the defendants' signatures).[12]

Ms. Feng contends that after she identified "that the Agency was moving a complaint in . . . a manner that was unlawful,"[13] she submitted the disputes on December 10, 2019 to arbitration through "Online Contract Arbitration"[14] and obtained — through an arbitrator there named Dale Clayton — the following awards. First, for the dispute in Case No. 20-cv-00648, a total of $4.24 million comprised of (1) $540,000 (calculated at $5,000 per day (for a total of 27 days) for each of Ms. Feng's four children), (2) punitive damages of $2.16 million (at four times the compensatory damages), and (3) because a total of 53 days have run to the date of the filing of her petition, damages that sum to $4,240,000.[15] Second, for the dispute in Case No. 20-cv-00692 a total of $4.24 million comprised of (1) $580,000 (calculated at $5,000 per day (for a total of 29 days) for each of Ms. Feng's four children), (2) punitive damages of $2.32 million (at four times the

---

[7] Mot., No. 20-cv-00648-LB – ECF No. 1-1 at 3.

[8] Mot., No. 20-cv-00692-LB.– ECF No. 1 at 57.

[9] Ex. A to Pet., No. 20-cv-00648-LB – ECF No. 1 at 12; Ex. A to Pet., No. 20-cv-00692-LB – ECF No. 1 at 12.

[10] Ex. A to Pet., No. 20-cv-00648-LB – ECF No. 1 at 26; Ex. A to Pet., No. 20-cv-00692-LB – ECF No. 1 at 26.

[11] Ex. A to Pet., No. 20-cv-00648-LB – ECF No. 1 at 13–22; Ex. A to Pet., No. 20-cv-00692-LB – ECF No. 1 at 13–22.

[12] Ex. A to Pet., No. 20-cv-00648-LB – ECF No. 1 at 26 (¶ 27), 39; Ex. A to Pet., No. 20-cv-00692-LB – ECF No. 1 at 26 (¶ 27), 39.

[13] Pet., No. 20-cv-00648-LB – ECF No. 1 at 3; Pet., No. 20-cv-00692-LB – ECF No. 1 at 3.

[14] Ex. B to Pet. ("Arbitration Award"), No. 20-cv-00648-LB – ECF No. 1 at 46; Ex. B to Pet. ("Arbitration Award"), No. 20-cv-00692-LB – ECF No. 1 at 46.

[15] Arbitration Award, No. 20-cv-00648-LB – ECF No. 1 at 51; Mot., *id.* – ECF No. 1-1 at 3.

1  compensatory damages), and (3) because a total of 53 days have run to the date of the filing of her
2  petition, damages that sum to $4,240,000.[16]

3  Ms. Feng filed her two lawsuits to confirm her arbitration award under the Federal Arbitration
4  Act.[17]

## ANALYSIS

**1.** *Sua Sponte Screening*

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

---

[16] Arbitration Award, No. 20-cv-00692-LB – ECF No. 1 at 51; Mot., *id*. – ECF No. 1 at 57.

[17] Pet., No. 20-cv-00648-LB – ECF No. 1; Pet., No. 20-cv-00692-LB. – ECF No. 1.

**2. The Petition Lacks Subject-Matter Jurisdiction**

Both awards are demonstrably fake and are predicated on demonstrably fake contracts. Thus, both cases are frivolous.[18] Also, the parties are not diverse: they are citizens of the same state, California (as Ms. Feng concedes).[19] Thus, there is no federal jurisdiction.

## CONCLUSION

The undersigned orders the clerk of court to reassign this case to a district judge. The undersigned recommends that the newly assigned district judge dismiss both cases for lack of subject-matter jurisdiction.

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. L.R. 72-3. Failure to file written objections within the specified time may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: March 26, 2020

_____
LAUREL BEELER
United States Magistrate Judge

---

[18] By submitting a pleading or motion to the court, Ms. Feng certifies that her claims are not being brought for improper purposes and have (or will have) evidentiary support for her factual contentions. *See* Fed. R. Civ. P. 11(b).

[19] Ms. Feng contends that diversity-jurisdiction exists. Pet., No. 20-cv-00648-LB – ECF No. 1 at 2 ("This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(2)); Pet., No. 20-cv-00692 – ECF No. 1 at 2 (same). But she concedes that this is a dispute between citizens of the same state, which the defendants demonstrably are. Pet., No. 20-cv-00648-LB – ECF No. 1 at 2 ("this dispute is between citizens of the same state"); Pet., No. 20-cv-00692 – ECF No. 1 at 2 (same).